**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 22-22** |
| v. | * | **SECTION: "H"** |
| **FLORENCE RANDLE** | * | |
| * * * | | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States submits the below listed and attached proposed jury instructions for use by the Court in the above-captioned matter in addition to the Standard Fifth Circuit Pattern Criminal Jury Instructions ordinarily given by the Court. The United States respectfully requests that the parties be allowed to propose such additional instructions as become appropriate based upon the trial testimony, and further that the parties receive notice of the Court's instructions prior to closing arguments.

The United States requests the following standard Fifth Circuit Pattern Jury Instructions:

| | |
|---|---|
| 1.01 | Preliminary Instruction |
| 1.02 | Note-Taking by Jurors – Alternative A |
| 1.03 | Introduction to Final Instructions |
| 1.04 | Duty to Follow Instructions |
| 1.05 | Presumption of Innocence, Burden of Proof, Reasonable Doubt |
| 1.06 | Evidence – Excluding What is Not Evidence |
| 1.08 | Evidence – Inferences – Direct and Circumstantial – Alternative A |
| 1.09 | Credibility of Witnesses |
| 1.10 | Character Evidence |
| 1.11 | Impeachment by Prior Inconsistencies |

| | | |
|---|---|---|
| 1.13 | | Impeachment by Prior Conviction (Witness Other Than Defendant) |
| 1.14 | | Impeachment by Evidence of Untruthful Character |
| 1.16 | | Accomplice – Co-Defendant – Plea Agreement |
| 1.19 | | On or About |
| 1.20 | | Venue – Conspiracy |
| 1.21 | | Caution – Consider Only Crime Charged |
| 1.22 | | Caution – Punishment |
| 1.26 | | Duty to Deliberate |
| 1.27 | | Unanimity of Theory |
| 1.32 | | Similar Acts |
| 1.40 | | Materiality |
| 1.41 | | "Knowingly" – To Act |
| 1.43 | | "Willfully" – To Act |
| 1.50 | | Summaries and Charts Not Received in Evidence |
| 1.51 | | Summaries and Charts Received in Evidence |
| 1.52 | | Summary Witness Testimony and Charts Based on Other Evidence |

Additionally, the Government requests the following substantive instructions.

## **GOVERNMENT'S REQUESTED INSTRUCTION NO. 1**

### **Stipulations**

The parties have agreed, or stipulated, to certain facts. This means that both sides agree that these are facts. You must therefore treat these facts as having been proved.

**AUTHORITY:**

*See United States v. Hungerford et al*, No. 2:18-CR-112 (E.D. La. 2018) (Guidry, J.) (Rec. Doc. 177-4, at 13); *United States v. Reed*, No. 2:15-CR-100 (E.D. La. 2015) (Fallon, J.) (Rec. Doc. 241, at 5).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 2

### Conjunctive and Disjunctive

The Indictment charges certain acts in the conjunctive. For example, Count 1 charges Defendant Florence Randle with using false and fraudulent pretenses, representations, and promises. In order to prove the defendant guilty of this offense, the Government does not need to prove that the defendant used all of those things, but only one of those things. In the above example, the Government would need to prove, beyond a reasonable doubt, that a defendant used false *or* fraudulent pretenses *or* representations *or* promises. I will tell you, in the instructions for each count, what it is the Government is required to prove.

**AUTHORITY**

*See United States v. Sparkman*, 112 Fed. App'x 358, 360 (5th Cir. 2004); *United States v. Dickey*, 102 F.3d 157, 164 (5th Cir. 1996); *United States v. Austin*, 933 F.3d 833, 843 (10th Cir. 1991); *United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 3

### Ignorance of the Law and Mistake of Law is No Defense

It is not necessary for the Government to prove that the defendant knew that a particular act or failure to act is a violation of the law. Ignorance of the law or even a mistake of law is ***not*** a defense.

**AUTHORITY:**

*See Cheek v. United States*, 498 U.S. 192, 199 (1991); s*ee also Modern Federal Jury Instruction*, Instruction 8-5; DEVITT & BLACKMAR § 14.10.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 4

### Unindicted, Unnamed, or Separately Tried Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An Indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the Government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

**AUTHORITY:**

Pattern Crim. Jury Instr. 6th Cir. 3.06 (2022 ed.), Pattern Crim. Jury Instr. 6th Cir. 3.06 (2022 ed.) *See also United States v. Warren*, No. 10-154, 2013 WL 6512695, at *1 n. 3 (E.D. La. Dec. 10, 2013) (through referencing other jury instructions, the Court shows that they have acknowledged other circuit's jury instructions).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 5

I will now charge you as to each count of the Indictment and the elements charged in each count. You will be given a copy of the Indictment along with these instructions.

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 6

### Count 1: 18 U.S.C. § 371
### Conspiracy to Commit Mail Fraud

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendant, Florence Randle, is charged with conspiring to commit mail fraud by willfully and knowingly combining, conspiring, confederating, and agreeing to devise a scheme and artifice of creating "staged" automobile accidents for the sole purpose of defrauding and

4

obtaining money and property from insurance companies, commercial carriers, and trucking companies through means of materially false and fraudulent pretenses, representations, and promises, and willfully causing mail matter to be delivered by the United States Postal Service ("USPS") and interstate commercial carriers for the purpose of executing or attempting to execute the scheme and artifice to defraud set forth below, in violation of Title 18, United States Code, Section 1341.

Title 18, United States Code, Section 1341 makes it a federal crime to conspire to commit mail fraud. A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:*  That the defendant and at least one other person made an agreement to commit the crime of mail fraud as charged in the Indictment;

*Second:*  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:*  That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that

plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The Government need not prove that the alleged co-conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all the details of the scheme alleged in the Indictment were actually agreed upon or carried out. Nor must it prove that all the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Furthermore, as to this conspiracy charged in Count 1, there is no requirement that the Government prove that an overt act was committed in furtherance of the conspiracy.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**AUTHORITY:**

Fifth Circuit Pattern Jury Instructions (Criminal) § 2.15A (2019).

### GOVERNMENT'S REQUESTED INSTRUCTION NO. 7

**Counts 7-10: 18 U.S.C. §§ 1341, 2
Aiding and Abetting Mail Fraud**

Counts 7-10 of the Indictment charge that, in the Eastern District of Louisiana and elsewhere, Florence Randle, with the intent to defraud, devised and willfully participated in, with

knowledge of its fraudulent nature, a scheme to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises.

Title 18, United States Code, Sections 1341 and 2, make it a crime for anyone to use the mails in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly devised or intended to devise a scheme to defraud; that is, he or she sent through the United States Postal Service and interstate commercial carriers "settlement" checks for large amounts of money in response to the staged accidents that he or she caused;

*Second:* That the scheme to defraud employed false material representations;

*Third:* That the defendant mailed or caused to be mailed something through the United States Postal Service or a private or commercial interstate carrier for the purpose of executing such scheme or attempting so to do; and

*Fourth:* That the defendant acted with specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme. It can also involve any scheme to deprive an employer, shareholders, citizens, or Government agency of the intangible right to honest services through soliciting or accepting bribes or kickbacks.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the Government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the Indictment.

It is also not necessary that the Government prove that the mailed material was itself false or fraudulent, or that the use of a private or commercial interstate carrier was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the mails was closely related to the scheme because the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

The alleged scheme need not actually have succeeded in defrauding anyone. To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intent or request the emails to be used.

Each separate use of the mails in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

The aiding and abetting statute, section 2 of Title 18 of the United States Code, provides that "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal." As to the second part of counts 7-10, under the aiding and abetting statute, it is not necessary for the Government to show that a defendant themselves physically committed the crime with which he or she is charged in order for the Government to sustain its burden of proof.  A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it herself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

**AUTHORITY:**

Mail Fraud: Fifth Circuit Pattern Jury Instructions (Criminal) § 2.56 (2019).

Aiding and Abetting: Modern Federal Jury Instructions – Criminal 11.01 (2022).

Respectfully Submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

 */s/ Brian M. Klebba*
BRIAN M. KLEBBA
MARIA CARBONI
EDWARD RIVERA
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Louisiana
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3000
brian.klebba@usdoj.gov@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 21, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all defense counsel of record.

                                                */s/ Brian M. Klebba*
                                                BRIAN M. KLEBBA
                                                Assistant United States Attorney