UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL DOCKET |
| | ) | |
| VERSUS | ) | |
| | ) | |
| FLORENCE RANDLE | ) | CR. NO.: 2:22-cr-00022 |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

NOW COMES defendant**,** FLORENCE RANDLE, who makes the following objections to the presentence report disclosed on January 25, 2023, and finalized and amended on February 22, 2023:

**OBJECTION NO. 1**                    **Page 12, Paragraph 43 and Page 14, Paragraph 62**

**OBJECTION:**

In paragraphs 43 and 62 of the presentence report prepared by Pretrial Services Officer Danielle Robinson, Ms. Randle is being classified as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive and penalized for said classification with a four (4) point enhancement of his criminal offense level.

While Ms. Randle admits to the allegations set forth in her factual basis, the factual basis did not justify designating Ms. Randle as organizer or leader denoted in Paragraphs 43 and 62. Mr. Heredia was involved in schemes to stage automobile accidents and conspired to commit mail fraud in furtherance of those schemes. She was not a leader of the accident staging schemes headed by Danny Patrick Keating, Damian Labeaud and others. The record is devoid of any evidence that Ms. Randle organized, lead, or supervised any of her codefendants.

1

In order to be classified as an "an organizer or leader" in keeping with USSG §3B1.1, "[t]he exercise of decision-making authority over other participants is necessary to qualify for a sentencing enhancement under this section." *United States v. McDonald*, 800 Fed.Appx. 364, 367 (C.A.6 (Tenn.), 2020)

"The role enhancement consists of two elements (1) The defendant exercised managerial control over one or more of the other participants in the offense and (2) the offense involved five or more participants" *U.S. v. Rodriguez-Lopez,* 756 F.3d 422, 435 (C.A.5 (Tex.),2014). The court in *Rodriguez-Lopez* left out the rest of § 3B1.1 which explained "or was otherwise extensive." This phrase is as an alternative to the five or more.

It is clear that the application of enhancements under §3B1.1 are fact driven. There has been no evidence to support a factual conclusion require by §3B1.1. Ms. Randle did not exercise of decision-making authority over other participants in the accident staging scheme. She admits that she participated in the schemes as set forth in her factual basis, but no evidence has been adduced that Ms. Randle had managerial control over anyone involved in the schemes at issue. Respectfully, Ms. Randle's long standing mental and physical health issues prevents her from exercising decision making decisions in her own life, let alone the lives of others.

I have carefully read the presentence report, and to the best of my knowledge, information and belief, and after reasonably inquiry, the objections stated above are well grounded and represent all of the objections to the contents of the presentence report.

Dated this 2nd day of March 2023.

Respectfully submitted,

FRANK G. DESALVO, APLC

2

/s/ Frank G. DeSalvo_____
FRANK G. DESALVO, APLC
739 Baronne Street
New Orleans, LA 70113
Telephone: (504) 524-4191
Facsimile:  (504) 822-0036
Attorney for FLORENCE RANDLE

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Maria Carboni, Assistant United States Attorney, 650 Poydras Street, 16th Floor New Orleans, Louisiana 70130, and Danielle Robinson.

/s/ Frank G. DeSalvo
FRANK G. DESALVO