UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL DOCKET |
| | ) | |
| VERSUS | ) | |
| | ) | |
| FLORENCE RANDLE | ) | CR. NO.: 2:22-cr-22 |

## SENTENCING MEMORANDUM AND MOTION FOR A DOWNWARD VARIANCE

On November 29, 2022, Florence Randle plead guilty to one count of conspiracy to commit mail fraud a violation of Title 18, United States Code, Sections 1341, 371.

This memorandum will attempt to put Ms. Randle's criminal activity into the backdrop of her life as it existed at the time of the instant offense and justify Ms. Randle's request for leniency taking into account the extensive nature of this defendant's health problems and her history of family trauma.

## INTRODUCTION

A sentencing hearing is currently scheduled for May 17, 2023. At this hearing, the Court must "impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553 and the factors underlying that statute. Those factors include:

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

(B) (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g) [18 USCS § 3742(g)], are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a) (2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g) [18 USCS § 3742(g)], is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a).

Taking these factors into account in the instant case, Ms. Randle begs this Court for leniency, a downward variance, and a probated sentence. Ms. Randle recognizes the Court is free to fashion her sentence in the way it finds just and fit, considering the nature of Ms. Randle's

criminal conduct, criminal background, overall character, poor physical health, the dire physical condition of her daughter for which she is the sole caretaker as well as general principles of fairness. Ms. Randle respectfully requests that the Court consider the aforementioned factors when imposing her sentence which she asks to include probation and not incarceration.

## PRESENTENCE INVESTIGATION REPORT AND ADVISORY GUIDELINE SENTENCING RANGE

Ms. Randle's base offense level is six (6). There was a six (6) level increase because the presentence report stated that the total loss in this matter equaled $54,000. Thus, pursuant to U.S.S.G. §2B1.1(b)(1)(E) Ms. Randle's Base Offense Level was increased by six (6) points. There was a two (2) level increase in keeping with U.S.S.G. §2B1.1(b)(16)(A) because the instant offense involved the intentional staging of an accident with a tractor-trailer which constituted a conscious or reckless risk of death or serious bodily injury. Ms. Randle's offense level was again increased by four (4) points because she was classified as an organizer or leader of a criminal activity that involved five or more participants. Her offense level was reduced by three (3) points. This three (3) level reduction was due to the defendant's timely acceptance of responsibility. Thus, her total offense level is fifteen (15). Ms. Randle has one (1) criminal history point, placing her in Criminal History Category I. The result is a guideline imprisonment range of 18 to 24 months.

The four (4) level enhancement applied because of Ms. Randle's classification as an organizer or leader of a criminal activity was not appropriately applied in the instant matter and an objection to this enhancement was previously filed on Ms. Randle's behalf. While Ms. Randle admits to the allegations set forth in her factual basis, the factual basis did not justify designating Ms. Randle as organizer or leader denoted in Paragraphs 43 and 62 of the presentence report. Ms. Randle was involved in schemes to stage automobile accidents and conspired to commit mail fraud

3

in furtherance of those schemes.  She was not a leader of the accident staging schemes headed by Danny Patrick Keating, Damian Labeaud and others. Ms. Randle did not organize, lead, or supervise any of her codefendants.

In order to be classified as an "an organizer or leader" in keeping with USSG §3B1.1, "[t]he exercise of decision-making authority over other participants is necessary to qualify for a sentencing enhancement under this section." *United States v. McDonald*, 800 Fed.Appx. 364, 367 (C.A.6 (Tenn.), 2020).  "The role enhancement consists of two elements (1) The defendant exercised managerial control over one or more of the other participants in the offense and (2) the offense involved five or more participants" *U.S. v. Rodriguez-Lopez,* 756 F.3d 422, 435 (C.A.5 (Tex.),2014). The court in *Rodriguez-Lopez* left out the rest of § 3B1.1 which explained "or was otherwise extensive."  This phrase is as an alternative to the five or more.

The application of enhancements under §3B1.1 are fact driven. Ms. Randle did not exercise decision-making authority over other participants in the accident staging scheme.  She admittedly participated in the schemes as set forth in her factual basis, but Ms. Randle had no managerial control over anyone involved in the schemes at issue.  Ms. Randle's documented long standing mental and physical health issues prevented her from exercising decision making decisions in her own life, let alone the lives of others.

For the foregoing reasons, Ms. Randle submits that the four (4) point enhancement should be deducted from the calculation of the defendant's total offense level thus making this defendant's Total Offense Level eleven (11) and not fifteen (15) and her advisory guideline imprisonment range of eight (8) to fourteen (14) months as opposed to eighteen (18) to twenty-four (24) months. The elimination of the aforementioned enhancement would make Ms. Randle potentially eligible for a probated sentence a portion of which could be served in a halfway house or home

confinement.  Again, in light of the defendant's poor health, history of family trauma that included a mental breakdown, diagnosis of Post-Traumatic Stress Disorder, and sexual abuse, and because Ms. Randle is the sole caretaker of her forty-four (44) year old daughter who suffers from Silver-Russell dwarfism, a downward variance in this matter of probation or at worst home incarceration is appropriate and serves the general purposes of punishment.

## MS. RANDLE'S MEDICAL CONDITIONS WARRANTS A DOWNWARD VARIANCE

Paragraph 92 of the presentence report reflects that Ms. Randle suffered mental break down and was treated at TGMC.  She participated in counseling with Dr. Kessler, weekly, for approximately one year.  In 2007, Ms. Randle was diagnosed with anxiety by Dr. Kessler at Thibodaux General Hospital (TGH) in Morgan City, Louisiana. In 2009, the defendant underwent an evaluation by June Moffatt Oase (Oase), LCSW. The defendant was diagnosed with Post Traumatic Stress Disorder (PTSD), anxiety, and depression.  Her medical records are attached as Exhibit A, *in globo*, and will be filed under seal and with the instant memorandum.

In April 2005, Ms. Randle was hospitalized at Terrebonne General Medical Center (TGMC) following a motor vehicle accident. The defendant's C4-5 and C5-5 vertebrates showed signs of deterioration. In February 2009, Ms. Randle was hospitalized following a motor vehicle accident. Her injuries were not severe. In July 2009, Ms. Randle was hospitalized at TGMC with acute chest pain. She was hospitalized for two days for observation. The defendant was diagnosed with reflux, osteoarthritis, chronic anxiety, chronic obstructive pulmonary disease, and diabetes. In December 2009, the defendant was hospitalized at TGMC for a fractured wrist and tailbone.

The defendant's numerous, serious medical diagnoses require extensive daily care.  She takes prescription medication daily.  The reality of Ms. Randle's daily life moving forward –

whether in prison or at home – is one that requires constant mental health treatment and medical intervention for diabetes.  These circumstances warrant a downward variance below the statutory guidelines.

### MS. RANDLE'S DAUGHTER'S MEDICAL CONDITIONS WARRANTS A DOWNWARD VARIANCE

Ms. Randle is the sole caretaker for her daughter, Kailey Sims. Who forty-four (44) year. Kailey Sims suffers from Silver-Russell syndrome, also known as Silver-Russell dwarfism. Because of this condition, Kailey Sims requires 24-hour care and Ms. Randle is her sole care provider. While Kailey Sims is forty-four (44) year years old, she has the mind of a five (5) year old and she did not walk until she was seven (7) years old. At four (4) years old, Kailey Sims underwent surgery on her stomach and had her appendix and gall bladder removed. At one point, Kailey Sims was not expected to survive the surgery.

Kailey Sims underwent a recent stomach surgery and since being released from the hospital Ms. Randle observed a marked decline in her daughter's health. Kailey Sims weighs seventy-eight (78) pounds and takes medication to assist with bile movement.  Because of Ms. Sims' health condition, she takes seven (7) different medications and utilizes a breathing machine. Incarcerating Ms. Randle for the instant offenses would leave no one to care for Kailey Sims – a catastrophic event for Ms. Sims and for Ms. Randle's entire family.

### CONCLUSION

There is little doubt that Ms. Randle will pay for her bad deeds as she is now forced to face society with a federal conviction. Ms. Randle has been forced to and will forever be forced to explain her improper conduct to family and friends. Ms. Randle is not trying to skirt responsibility for her wrongdoings; she committed a crime and knows it was unacceptable. Her activities have

hurt others, her family, and forever changed the course of her life. In light of the particular details set forth above, the defendant and her counsel respectfully request this Court impose the most lenient sentence possible pursuant to the principles set forth in the Sentencing Guidelines as well as factors set forth in 18 U.S.C. 3553. Specifically, Ms. Randle requests that this court place her on probation for the offenses to which she entered her guilty plea.

Respectfully submitted this 9th day of May, 2023.

Respectfully submitted,

FRANK G. DESALVO, APLC

/s/ Frank G. DeSalvo
FRANK G. DESALVO, APLC
739 Baronne Street
New Orleans, LA 70113
Telephone: (504) 524-4191
Facsimile: (504) 822-0036
Attorney for FLORENCE RANDLE

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Maria Carboni, Assistant United States Attorney, 650 Poydras Street, 16th Floor New Orleans, Louisiana 70130, and Danielle Robinson.

/s/ Frank G. DeSalvo
FRANK G. DESALVO

7